IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cedric Wise, ) | |
| ) | Civil Action No. 6:12-3192-RMG-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Wayne McCabe, John H. Carmichael, Jr) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on the plaintiff's motion to dismiss (doc. 44). The plaintiff, a state prisoner proceeding *pro se*, alleges the defendants violated his First Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because they have refused to address his wish to be listed as a member of the "Nations of Gods and Earths" religion, which is commonly referred to as the "Five percenters."

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

      The defendants filed a motion for summary judgment on May 17, 2013. On May 20, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 31, 2013, the plaintiff filed a "motion to dismiss lawsuit," stating:

> [P]laintiff requests the courts to dismiss the above said lawsuit
> against both said defendants . . . [due] to the fact plaintiff has
> more meritorious issues at hand to deal with and it's not him
> who caused the 5 percenters to be a STG and he's also no

>longer a member of the five percenters.  I wish for this lawsuit
>to be dismissed please.

(Doc. 44).  The defendants filed a response to the motion (doc. 45), stating they have no opposition to dismissal of the case.  However, the defendants request that the case be dismissed *with prejudice* for two reasons.  First, this is the second action the plaintiff has filed challenging issues related to the designation of the Five Percenters as a Security Threat Group ("STG").  The first lawsuit, *Wise v. Ozmint*, C.A. No. 6:10-978-RMG-KFM, was voluntarily dismissed *without prejudice* at the request of the plaintiff by order filed February 4, 2011. As in this lawsuit, the plaintiff sought voluntary dismissal after the defendants expended time and resources to file a motion for summary judgment.  Second, the defendants note that, in his motion, the plaintiff specifically states that "he's no longer a member of the Five Percenters," which renders his claims moot.

Except under certain circumstances not applicable here, an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper.  Fed.R.Civ.P. 41(a)(2).  The undersigned agrees with the defendants that the dismissal should be *with prejudice*.  Based upon the foregoing, this court recommends that the plaintiff's motion to dismiss (doc. 44) be granted *with prejudice*.  Should the district court adopt this court's recommendation, the defendants' motion for summary judgment (doc. 41) will be rendered moot.

IT IS SO RECOMMENDED.

June 18, 2013                                                       s/ Kevin F. McDonald
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).