IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cedric Wise, ) | |
| ) | C/A No. 6:12-3192-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Wayne McCabe, John H. Carmichael, Jr., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court grant Plaintiff's motion to dismiss with prejudice. (Dkt. No. 47). For the reasons stated below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff filed this action alleging the defendants violated his First Amendment Rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because they have refused to list Plaintiff as a member of the "Nations of Gods and Earths" religion, commonly known as the "Five Percenters." (Dkt. No. 1). This matter was referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for all pretrial proceedings. After Defendants filed a motion for summary judgment (Dkt. No. 41), Plaintiff then filed a motion to voluntarily dismiss his lawsuit (Dkt. No. 44). Defendants do not oppose the dismissal, but request that the case be dismissed with prejudice. (Dkt. No. 45). The Magistrate Judge then issued the present R&R recommending that the Court dismiss this action with prejudice. (Dkt. No. 47). Neither party filed timely objections to the R&R.

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Law/Analysis

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss Plaintiff's action with prejudice. Except under certain circumstances not applicable here, *see* Fed. R. Civ. P. 41(a)(1), an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper, Fed. R. Civ. P. 41(a)(2). Since this is the second lawsuit voluntarily dismissed by Plaintiff in which the same issues were litigated, and for the reasons stated in the R&R, the Court dismisses this case with prejudice.

## Conclusion

After reviewing the record and the Magistrate Judge's R&R, this Court adopts the R&R as the order of the Court. (Dkt. No. 47). Accordingly, the Court GRANTS Plaintiff's motion to dismiss this action (Dkt. No. 44) *with prejudice*. Defendants' motion for summary judgment (Dkt. No. 41) is therefore DENIED as moot.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Court Judge

July 15, 2013
Charleston, South Carolina

3